17770. McKerley *v.* Georgia School of Technology *et al.*

Stephens, J. It appearing from the petition that the injuries which the plaintiff received as a result of the alleged negligent condition of steps which the plaintiff was using were caused solely by the negligence of the plaintiff's fellow servants, without the knowledge or consent of the defendant, who was the master, in removing nails from the treads upon the steps just before the plaintiff stepped upon them, the petition set out no cause of action against the defendant, and was properly dismissed upon demurrer.

Judgment affirmed. *Jenkins, P. J., and Bell, J., concur.*

Decided July 13, 1927. Rehearing denied September 9, 1927.

Action for damages; from Fulton superior court—Judge Howard. October 14, 1926.

Application for certiorari was denied by the Supreme Court.

*Key, McClelland & McClelland,* for plaintiff.

*Little, Powell, Smith & Goldstein, Kendrick L. Scott,* for defendants.

Master and Servant, 39 C. J. p. 537, n. 12.

17805. Lumbermen's Mutual Casualty Co. *et al. v.* Flindt.

Bell, J. In this case, which arose under the workmen's compensation law, the main and controlling facts, so far as they related to the cause and circumstances of the claimant's injury, were the same as those in *Maryland Casualty Co.* v. *Peek,* 36 *Ga. App.* 557 (137 S. E. 121), and the decision in that case governs this case. The order of the Industrial Commission denying compensation was authorized, if not demanded, by the evidence, and the superior court erred in sustaining the appeal of the claimant.

Judgment reversed. *Jenkins, P. J., and Stephens, J., concur.*

Decided July 13, 1927.

Appeal; from Fulton superior court—Judge Howard. November 1, 1926.

*Underwood & Haas, E. Smyth Gambrell,* for plaintiffs in error. *J. F. Mayfield,* contra.

Workmen's Compensation Acts, C. J. p. 122, n. 40.